# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:04cr315

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>TERRY JACKSON BENNETT )<br>) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the defendant's Motion to Withdraw Plea of Guilty (Doc. No. 12), the defendant's Motion to Dismiss Superseding Indictment (Doc. No. 22), the government's Motion to Set Aside Guilty Plea (Doc. 26), and the government's Motion to Dismiss the Original Indictment without Prejudice (Doc. No. 26) . The Court also has considered the defendant's Sentencing Memorandum (Doc. No. 13), the defendant's Second Sentencing Memorandum (Doc. No. 24), the government's Response to the defendant's Motion to Dismiss (Doc. No. 25), the defendant's Memorandum in Support of his Motion to Dismiss (Doc. No. 27), the government's Supplemental Memorandum (Doc. No. 28), the defendant's letter (Doc. No. 29), and the defendant's Response to the government's Supplemental Memorandum (Doc. No. 30).

I.  PROCEDURAL HISTORY

On December 13, 2004, the defendant was indicted for assaulting a United States Marshal, in violation of Title 18, United States Code, Section 111. (Doc. No. 1: Indictment at ¶ 1). The Indictment contained a "sentencing allegation" that the defendant used a deadly or dangerous weapon during the crime. (Doc. No. 1: Indictment at ¶ 2). The defendant's case was set for trial on April 4, 2004. (Doc. No. 6: Order). However, prior to the selection of a jury, the

defendant moved to strike the sentencing allegation from the Indictment as surplusage. (Bender, Rule 11 TR at 2). The district court granted the motion without objection by the government. (Bender, Rule 11 TR at 2). The defendant then entered a guilty plea before a magistrate judge. (Doc. No. 9: Entry and Acceptance of Guilty Plea). During the Rule 11 hearing, the government asserted the maximum penalty was twenty years' imprisonment. (Glaser, Rule 11 TR at 5). Counsel for the defendant disputed that enhancements would apply to make the penalty twenty years, but stipulated, for purposes of the hearing, that was the maximum. (Bender, Rule 11 TR at 5-6).

On June 3, 2005, the defendant, pro se, moved to dismiss the Indictment as defectively charging only an attempted assault. (Doc. No. 10: Motion to Dismiss at 2). The magistrate judge denied the motion without prejudice to be re-filed through counsel if appropriate. (Doc. No. 11: Order).

The Presentence Report was provided to the defendant on June 13, 2005. (Doc. No. 15: Notice of PSI Completion). On July 6, 2005, the defendant, pro se, wrote a letter[1] to the Court claiming his lawyer misled him into thinking he was pleading guilty to a "probation violation"[2] but not the assault charge. (Doc. No. 12: Motion at 1). The defendant emphatically stated, "<u>I would like to have the plea withdrawn, I wasn't knowledgeable to what was going on.</u>" (Doc. No. 12: Motion at 2)(emphasis in original). A hearing was held on July 12, 2005, during which the magistrate judge granted the defendant's motion for new counsel and deferred ruling on the Motion to Withdraw Plea of Guilty.

---

[1] The letter was styled by the Clerk's Office as a Motion re: Ineffective Assistance of Counsel and Motion to Withdraw Plea of Guilty. (Doc. No. 12).

[2] The defendant was then on five years' supervised release in Case No. 3:93cr254, following a ten-year sentence for possessing a firearm as a convicted felon.

On July 21, 2005, the defendant, pro se, filed a sentencing memorandum admitting that he pled guilty to the Indictment, but challenging offense level calculations on the basis that the Indictment did not allege the use of a dangerous weapon. (Doc. No. 13: Mem. at 1-3). A sentencing hearing was scheduled for August 19, 2005 (Doc. No. 16: Notice), but was continued on motion of the defendant who had retained new counsel (Doc. No. 14: Motion to Substitute Counsel; Doc. No. 17: Motion to Continue; Doc. No. 18: Order). On September 19, 2005, the case was set for sentencing on October 17, 2005. (Doc. No. 19: Notice).

On September 27, 2005, the grand jury returned a Superseding Indictment that charged the use of a deadly or dangerous weapon in the commission of the alleged assault on a United States marshal. (Doc. No. 20). On October 3, 2005, the defendant's new counsel filed a motion to dismiss the Superseding Indictment alleging a double jeopardy violation based on the defendant's plea to the original Indictment. (Doc. No. 22: Motion at 3). On October 13, 2005, the defendant's new counsel filed a sentencing memorandum arguing that the applicable maximum sentence was one year for simple assault. (Doc. No. 24: Mem. at 9-11). On October 14, 2005, the government responded and moved to set aside the defendant's guilty plea and to dismiss the original Indictment without prejudice. (Doc. No. 25: Response; Doc. No. 26: Motion).

On October 17, 2005, the Court heard arguments of counsel regarding the competing motions. At the conclusion of the hearing, the Court invited further submission of authority and took the matter under advisement. On October 19, 2005, the defendant's counsel filed a memorandum in support of his motion to dismiss the Superseding Indictment and in response to the government's motion to dismiss the original Indictment (Doc. No. 27), to which the

government responded (Doc. No. 28). On October 21, 2005, the defendant, pro se, wrote a letter to the Court insisting that "I never tried to attempt to assault no one," "I never tried to run over no one or nothing," and "I was not trying to harm no one." (Doc. No. 29: Letter at 1). Also on October 21, 2005, the government filed a supplemental memorandum (Doc. No. 28), to which the defendant's counsel responded (Doc. No. 30).

II. DISCUSSION

   A. Jeopardy did not attach at plea before magistrate

Counsel for the defendant argues that the Superseding Indictment must be dismissed because jeopardy attached when the defendant's plea was accepted by the magistrate judge. (Doc. No. 22: Motion at 3-4). While it is true that jeopardy attaches when a district court accepts a guilty plea, United States v. Patterson, 381 F.3d 859, 864 (9th Cir. 2004) (citing United States v. Aliotta, 199 F.3d 78, 83 (2d Cir. 1999), the same is not true when a magistrate judge accepts a guilty plea.

It is well established that a magistrate judge may preside over a defendant's Rule 11 hearing with his consent. United States v. Osborne, 345 F.3d 281, 285 (6th Cir. 2003); United States v. Dees, 125 F.3d 261, 269 (5th Cir. 1997) (collecting cases holding that magistrate judge's taking of guilty plea does not violate Article III concerns). The availability of de novo review by the district court of the magistrate judge's recommendation to accept a guilty plea preserves the protection of Article III of the Constitution requiring a district judge to preside over every critical stage of a felony criminal prosecution. Osborne, 345 F.3d at 289-90; Dees, 125 F.3d at 268-69. The constitutional requirement of de novo review precludes the attachment of jeopardy when a plea is accepted by a magistrate judge; otherwise, such review would be

meaningless.  United States v. Bearden, 274 F.3d 1031, 1036-38 (6th Cir. 2001).   Thus, while a plea before a magistrate is binding for some purposes, such as withdrawal under Rule 11(d)(2)(B), United States v. Breedlove, 7 Fed. Appx. 268, 269 (4th Cir. 2001); United States v. Williams, 23 F.3d 629 (2d Cir. 1994), and the Bail Reform Act, 18 U.S.C. § 3141, et seq., United States v. Jett, Case No. 3:02cr222, Doc. No. 31: Order at 1-2 (W.D.N.C., Vorhees, J.), jeopardy does not attach until the district court accepts the guilty plea.  Bearden, 274 F.3d at 1037-38.

The Court was initially troubled by the government's seemingly inconsistent position regarding the binding effect of pleas entered before a magistrate judge. With respect to issues related to release under the Bail Reform Act, or the standard governing withdrawal of guilty pleas, the government makes the argument with alacrity that pleas entered before the magistrate are binding.  Yet when it erred in the drafting of this Indictment, or in acquiescing to the entry of a plea to a sanitized version of the Indictment, or both, the government advocates that the plea entered before the magistrate judge has no binding effect.  Incongruous though they may be, the positions are legally sound.  The Court is persuaded by the Sixth Circuit's double jeopardy analysis in Bearden that jeopardy does not attach until the district court accepts the plea.

B. District court's discretion to reject plea

It follows then that "[t]he taking of a guilty by a magistrate judge does not bind the district court to accept that plea." Dees, 125 F.3d at 268.  Indeed, courts have long recognized that a defendant does not have an absolute right to have his guilty plea accepted by a court, Lynch v. Overholser, 369 U.S. 705, 719, 82 S. Ct. 1063, 8 L. Ed. 2d 211 (1962), and that a court may reject a plea in the exercise of sound judicial discretion, Stantobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).  In deciding whether to accept or reject a plea, a

5

court must exercise its judicial authority to protect the integrity of the criminal justice system, United States v. Wood, 378 F. 3d 342, 348 (4th Cir. 2004), and to protect the public from a plea that would result in too lenient a sentence, given a defendant's criminal history and the circumstances of the offense charged. Ellis v. United States, 356 F.3d 1198, 1209 (9th Cir. 2004); United States v. Jackson, 125 F.3d 849, 1997 WL 602426, at *1 (4th Cir. Oct. 1, 1997) (unpublished) (citing United States v. Bean, 564 F.2d 700, 704 (5th Cir.1977)).

Federal Rule of Criminal Procedure 11(b)(3) requires a court to determine that there is a factual basis for a guilty plea. Thus, a "court must ensure that the conduct which the defendant admits constitutes the offense charged in the indictment." United States v. Greggs, 60 Fed. Appx. 433, 434 (4th Cir. 2003) (quoting McCarthy v. United States, 394 U.S. 459, 467, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969) (internal quotations omitted). A court has wide discretion to determine whether a defendant's admissions are factually sufficient to constitute the alleged crime, and may reject a plea if they are not. Id.; United States v. Ray, 431 F.2d 1177, 1178 (9th Cir. 1970).

Here, the government concedes it erred in allowing the defendant to plead to the original Indictment after the defendant successfully moved to strike the sentencing allegation as surplusage. Without that language, the defendant was not exposed to the enhanced 20-year penalty detailed in 18 U.S.C. § 111(b). United States v. Campbell, 259 F.3d 293, 299-300 (4th Cir. 2001). However, it is clear from the record that the government and counsel for the defendant mistakenly believed the maximum penalty remained 20 years' imprisonment. (Glaser, Rule 11 TR at 5; Bender, Rule 11 TR at 6). After the defendant, pro se, raised the issue in his sentencing memorandum (Doc. No. 13: Mem. at 1-3), the grand jury returned a Superseding Indictment correctly charging an offense with the enhanced penalty (Doc. No. 20). Thus, this

6

case is similar to Patterson, 381 F.3d at 862, where the government sought to vacate a plea that had been accepted by the district court because of an Apprendi[3] error in the indictment. The Ninth Circuit found the district court lacked the authority to vacate the plea because jeopardy had attached when the court accepted it. Id. The essential difference between Patterson and the instant case is that the district court has not accepted the defendant's plea; thus, the Court retains the authority to accept or reject the plea before the magistrate judge. Dees, 125 F.3d at 268.

The government asks the Court to consider the facts of the instant case and the defendant's criminal history as grounds to correct its mistake. (Doc. No. 28: Supp. Mem. at 5). As noted above, such factors are appropriately considered when assessing the impact of a plea on interests of the public. Ellis, 356 F.3d at 1209. According to the Presentence Report ("PSR"), the defendant's criminal history points total a criminal history category V, but because he is a career offender, his criminal history category is VI. (PSR ¶ 37). His numerous prior convictions establish an extensive history of violence, escape, and committing new offenses while on forms of release. (PSR at ¶¶ 24-33). In fact, the defendant was on federal supervised release following a ten-year prison sentence when he allegedly committed the instant offense. (PSR at ¶ 36). According to the PSR, the defendant attempted to run over a deputy United States Marshal with a sports utility vehicle when the deputy and other law enforcement agents sought to arrest the defendant on a warrant for allegedly violating his supervised release. (PSR at ¶ 3). Thus, the government argues that accepting the plea to the lesser offense would improperly create a cap on the defendant's sentence. (Doc. No. 25: Motion at 6).

---

[3] Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)

7

The defendant's plea should not be accepted by this Court. The defendant entered his plea on April 4, 2004. (Doc. No. 9: Entry and Acceptance of Guilty Plea). Shortly after that, the defendant, pro se, moved to dismiss the Indictment for allegedly failing to state a crime. (Doc. No. 10: Motion to Dismiss at 2). Shortly after that, the defendant, pro se, sought to withdraw his plea based on a claim that his lawyer misled him into thinking he was pleading guilty to a probation violation but not the indicted assault charge. (Doc. No. 12: Motion at 1). Following the hearing on the defendant's motion to dismiss the Superseding Indictment and the government's motion to set aside the plea, the defendant wrote again to the Court, this time disclaiming that he intended to assault anyone. (Doc. No. 29: Letter at 1).

Before accepting a plea, the Court must be satisfied that the defendant understands the nature of the charge to which he is pleading, Fed. R. Crim. P. 11(b)(1)(G); that the plea is voluntary, Fed. R. Crim. P. 11(b)(2); and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3). The protracted history of the defendant's attempts to withdraw his plea, to establish that his plea was not knowingly entered, and to disclaim his culpability for the offense makes the Court unable to accept the plea entered before the magistrate judge in April 2004. These factors, in combination with the public's interest, if the defendant is convicted,[4] in the Court's consideration of a proportionate sentence, given the defendant's criminal history and the alleged facts of this case, trigger the Court's exercise of its discretion to reject the plea entered before the magistrate judge.

---

[4] Nothing in this order is intended to dilute the the presumption of innocence, or to indicate that the Court has an opinion concerning the guilt or innocence of the defendant.

8

C.  Validity of the Superseding Indictment

As discussed above, jeopardy did not attach when the defendant entered his plea to the original Indictment before the magistrate judge. Bearden, 274 F.3d at 1037-38. "A superseding indictment may be obtained by the government at any time prior to trial." United States v. Fisher, 871 F.2d 444, 452 n.7 (3d Cir. 1989). Therefore, there is no constitutional barrier to the prosecution of the defendant under the Superseding Indictment.

III.  CONCLUSION

The magistrate judge's recommendation to accept the defendant's guilty plea is subject to de novo review by this Court. Here, the government unintentionally allowed the defendant to plead to a lesser offense because of a drafting error in the Indictment, and in acquiescing in the entry of a plea to a sanitized version. The Court finds that an unintended plea to the lesser offense is not in the public's interest given the defendant's criminal history and the alleged circumstances of this case. Additionally, for more than six months following the plea, the defendant attempted to attack its validity by claiming he was misled into believing he was pleading guilty to a probation violation and by disclaiming culpability for the indicted offense. Thus, the Court finds that the plea was not entered knowingly and voluntarily, and was not adequately supported by a factual basis. Consequently, the Court rejects the defendant's guilty plea.

**IT IS, THEREFORE, ORDERED** that

1. the defendant's Motion to Withdraw Plea of Guilty (Doc. No. 12) is **GRANTED**;

2. the defendant's Motion to Dismiss Superseding Indictment (Doc. No. 22) is **DENIED**;

3. the government's Motion to Set Aside Guilty Plea (Doc. 26) is **GRANTED**; and

4. the government's Motion to Dismiss the Original Indictment without Prejudice (Doc. No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is set for trial during the February 6, 2006, term in the Charlotte Division.

**Signed: January 9, 2006**

_____
Robert J. Conrad, Jr.
United States District Judge