IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr315

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>TERRY JACKSON BENNETT )<br>) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant to sever the counts in the recently returned Second Superseding Bill of Indictment, or in the alternative, for a continuance of the trial of this matter. (Doc. No. 52).

The defendant was indicted on December 13, 2004, for allegedly assaulting a deputy United States Marshal on September 23, 2004. (Doc. No. 1). A Superseding Indictment was returned on September 27, 2005, which corrected a drafting error in the original indictment. (Doc. No. 20). At calendar call on April 3, 2006, the defendant and the government announced their readiness for trial during the Court's current term. The following day, a Second Superseding Indictment was returned which added a drug trafficking offense which allegedly occurred on June 29, 2004, along with detailed factual allegations in an introductory section.[1] (Doc. No. 51).

The Court finds that the defendant's motion to sever should be granted because the counts were improperly joined under Rule 8 of the Federal Rules of Criminal Procedure. The alleged drug trafficking offense and the alleged assault on the deputy U.S. Marshal are not of similar character and were not parts of a common scheme or plan. The evidence about the two charges

---

[1] The government did not mention at calendar call its intention to seek the Second Superseding Indictment the following day.

will come from two separate sets of witnesses.  Although there is some connection between the two incidents, in that the deputy was attempting to serve an outstanding warrant for the drug offense at the time he was allegedly assaulted, the evidence of one offense would not be admissible in the trial of the other.  Additionally, the defendant has announced his readiness for trial on the assault charge and would be unfairly prejudiced if forced to trial during this term on the new drug charge.

**IT IS, THEREFORE, ORDERED** that the counts of the Second Superseding Indictment are severed and that the defendant is entitled to a separate trial on each count.   The trial on Count Two (the assault charge) will occur during the current term of court.  The trial on Count One (the drug trafficking charge) will occur during the June 5, 2006, term of court unless the defendant consents in writing to an earlier date.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: April 12, 2006

Robert J. Conrad, Jr.
United States District Judge