UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-429-RJC
(3:04-cr-315-RJC-1)

| | |
|---|---|
| TERRY JACKSON BENNETT, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Terry Jackson Bennett's Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255 (Doc. No. 1) and pro se Motion to Amend his § 2255 Motion to Vacate (Doc. No. 6). Also before the Court is counsel's Motion to Withdraw. (Doc. No. 8).

I.  **RELEVANT BACKGROUND**

On May 11, 2006, Bennett pled guilty to Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and Assault, Resist, or Impede a Government Official, in violation of 18 U.S.C. §§ 111(a) and (b). The presentence report ("PSR") found that Bennett had at least two qualifying prior convictions that triggered the career-offender enhancement under United States Sentencing Guidelines ("U.S.S.G.") §§ 4B1.1 and 4B1.2: a 1987 North Carolina conviction for armed robbery, a 1993 North Carolina conviction for escape, and a 1992 North Carolina conviction for assault on an officer. PSR ¶¶ 32, 40, 43, 44, Doc. No. 96.[1]

Based on the career-offender enhancement, Bennett faced a guidelines range of 188 to 235

---

[1] Unless otherwise indicated, document and docket number citations that are not in parenthesis are from Bennett's underlying criminal case: United States v. Bennett, 3:04-cr-315-RJC-1 (W.D.N.C.). Document and docket number citations appearing in parenthesis are from the above-captioned civil action: Bennett v. United States, 3:16-cv-429-RJC (W.D.N.C.).

1

months. PSR ¶ 90. On August 29, 2006, this Court imposed a sentence of 235 months' imprisonment. Bennett's appeal of this judgment was dismissed in part and affirmed in part by the Fourth Circuit Court of Appeals. United States v. Bennett, 238 F. App'x 935, 2007 WL 2012383 (4th Cir. July 10, 2007) (unpublished).

Bennett commenced this action on June 20, 2016 by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.[2] (Doc. No. 1). The Federal Defenders of Western North Carolina ("FDWNC") was appointed to represent Bennett because his Motion sought relief under Johnson v. United States, 135 S. Ct. 2551 (2015). See Standing Order in re: Johnson v. United States, No. 3:13-mc-00196-FDW (W.D.N.C. Nov. 17, 2015). Bennett challenges the enhancement of his sentence under the career offender guidelines. He contends that two of his prior convictions no longer qualify as "crimes of violence" in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

On September 22, 2016, this Court granted the Government's unopposed motion to hold this action in abeyance pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886, (2017). The Supreme Court issued its decision in Beckles on March 6, 2017.

Subsequently, Bennett sent a letter to this Court stating that he wanted to continue to pursue this action pro se (Doc. No. 5) and filed a Motion to Amend his § 2255 Motion (Doc. No. 6). The Government filed a Response to Bennett's § 2255 Motion (Doc. No. 7), and the FDWNC has moved to withdraw as counsel for Bennett (Doc. No. 8).

**II.    § 2255 STANDARD**

To state a viable claim for relief under § 2255, a petitioner must prove that: (1) the sentence imposed "violat[ed] . . . the Constitution or laws of the United States;" (2) "the court was without

---

[2] Bennett filed two previous § 2255 motions to vacate in this district court: Case Nos. 3:08-cv-410-RJC and 3:13-cv-694-RJC. On June 20, 2016, the Fourth Circuit Court of Appeals authorized Bennett to file the instant successive § 2255 Motion, (Doc. No. 1-1). See 28 U.S.C. §§ 2244, 2255(h) (2012).

jurisdiction to impose such a sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). After examining the record in this matter, the Court finds that the claims presented in Bennett's § 2255 Motion can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

Bennett contends that this Court violated his right to due process when it found his prior North Carolina convictions for escape and assault on an officer were "crime[s] of violence" supporting career offender status under the sentencing guidelines and a higher guideline sentencing range. Under the 2003 Sentencing Guidelines, which were applied in Bennett's case, see PSR ¶ 18, a defendant is a career offender if,

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2003). A prior offense is a crime of violence if it:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a) (2003) (emphasis added). Subsection (1) is referred to as the "force clause," while the italicized portion of subsection (2) is referred to as the "residual clause."

In Johnson v. United States, the Supreme Court held that the use of the identical residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to increase a defendant's

3

statutory sentencing range violates that defendant's right to due process.³ 135 S. Ct. at 2563. The Court concluded that the vagueness of the clause denies fair notice to a defendant of his potential punishment and invites arbitrary enforcement by judges. Id. at 2557. Thus, a defendant who was sentenced under the ACCA to a mandatory minimum term based on a prior conviction that satisfies only the ACCA's residual clause is entitled to relief from his sentence.⁴

Bennett contends that the holding in Johnson extends to the residual clause of the sentencing guidelines and that a career-offender sentence may stand only if the defendant has two prior convictions that qualify under the "force clause" of § 4B1.2(a)(1) or as enumerated offenses under § 4B1.2(a)(2), see Johnson, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). (§ 2255 Mot. 3, Doc. No. 1). He asserts that in North Carolina, neither escape nor assault on an officer qualifies as a "crime of violence" under the "force" or "enumerated offense" clauses of U.S.S.G. § 4B1.2. (§ 2255 Mot. 3). Consequently, Bennett argues, his career-offender sentence was based on the now-void residual clause, which means it was imposed in violation of due process.

Bennett's argument that he is entitled to relief under the rationale of Johnson is foreclosed by the Supreme Court's decision in Beckles v United States. 137 S. Ct. 886 (2017). In Beckles, the petitioner was convicted of possession of a firearm by a felon and sentenced as a "career offender" under U.S.S.G. § 4B1.1(a). 137 S. Ct. at 890-91. The petitioner challenged his sentence, arguing that one of his prior convictions was not a crime of violence after the Court's decision in Johnson.

---

³ The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See 18 U.S.C. § 924(e)(1). "Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." Id. § 924(e)(2)(B) (emphasis added)

⁴ The holding in Johnson is retroactive on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016).

4

Id. at 891–92. The Court rejected the petitioner's effort to apply Johnson to the sentencing guidelines, explaining:

> Unlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Id. at 892. Thus, § 4B1.2(a)(2)'s residual clause remains in full force.

Bennett does not contend that his prior convictions do not qualify as crimes of violence under § 4B1.2(a)(2)'s residual clause. Cf. United States v. Hairston, 71 F.3d 115 (4th Cir. 1995) (holding that a North Carolina conviction for felony escape qualified as an ACCA predicate under the residual clause). Liberally construing Bennett's Motion to Amend, however, he does appear to assert that his North Carolina assault conviction was a misdemeanor and could not be used as a qualifying offense under § 4B1.1. (Mot. to Am. 2, Doc. No. 6.)

Bennett's Motion to Amend shall be denied, as this claim does not meet the standard of 28 U.S.C. § 2255(h) for second or successive § 2255 petitions.[5] Section 2255(h) provides in relevant part that a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." As noted, the Fourth Circuit authorized the filing of a successive petition by Bennett in this case.

Nevertheless, § 2244 also states that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the

---

[5] Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading "with the court's leave." Fed. R. Civ. P. 15(a)(2). Bennett filed his Motion to Amend almost 10 months after his § 2255 Motion was filed, and the Government had not yet filed a responsive pleading. Therefore, he may not amend his Motion to Vacate as a matter of course under Rule 15(a)(1).

5

applicant shows that the claim satisfies the requirements of this section." § 2244(b)(4). Section 2244(b)(2)(A) requires a movant to show that his claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017) (citation omitted).

Bennett's claim that his assault charge could not be used to enhance his sentence does not rely on a new rule of constitutional law. In Winston, the Fourth Circuit held that "when an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in Johnson[ ], the inmate has shown that he 'relies on' a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A)." 850 F.3d at 682. Bennett's sentence was not predicated on application of the ACCA's now-void residual clause. See Beckles, 137 S. Ct. at 892. Indeed, whether his sentence was unlawful because one of his prior convictions may have been a misdemeanor, not a felony, does not even implicate the holding in Johnson.

Consequently, the claim raised in the instant Motion to Amend does not "rely" on Johnson. Nor does Mathis v. United States, 136 S. Ct. 2243 (2016), which Bennett cites (Mot. to Am. 2), provide him any help, as it did not announce a new rule of constitutional law. See Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) ("Mathis has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law."); United States v. Taylor, 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (unpublished) ("Mathis did not announce a new rule." (citing Mathis, 136 S. Ct. 2257 ("For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."))).

Finally, Bennett raised the substance of this claim in his first § 2255 Motion to Vacate, see No. 3:08-cv-410-RJC, which this Court dismissed on the merits, and in his second § 2255 Motion to Vacate, see No. 3:13-cv-694-RJC, which this Court dismissed as an unauthorized, successive §

6

2255 motion. Section 2244(b)(1) requires dismissal of a claim presented in a second or successive habeas application if that claim was presented in a prior application.

## IV. CONCLUSION

Bennett is not entitled to habeas relief based on any alleged error under Johnson, and there is no non-frivolous argument counsel can make in support of a contrary conclusion. Consequently, counsel's Motion to Withdraw shall be allowed, and Bennett's § 2255 Motion shall be denied.[6]

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DENIED**;

2. The Motion to Amend the § 2255 Motion to Vacate (Doc. No. 6) is **DENIED;**

3. Counsel's Motion to Withdraw (Doc. No. 8) is **GRANTED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

---

[6] Ordinarily, the Court would provide a pro se prisoner notice and an opportunity to reply to the government's response. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."). No such notice is necessary here, however, because it is clear from the § 2255 Motion and the record of prior proceedings that Bennett is not entitled to relief on the grounds raised in the Motion. Thus, his § 2255 Motion could have been dismissed in the absence of a response by the Government. See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b).

**SO ORDERED.**

Signed: May 18, 2017

Robert J. Conrad, Jr.
United States District Judge