IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04-CR-00315-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| TERRY JACKSON BENNETT | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant through counsel, for a reduction of sentence based on the First Step Act of 2018, (Doc. No. 150), to which the government contents.

The defendant pled guilty to possessing with intent to distribute at least 5 grams of cocaine base (Count 1ss) and assaulting a government official with a deadly weapon (Count 2ss). (Doc. No. 94: Judgment at 1). Based on the career offender guideline and Count One's 40-year maximum sentence, the advisory guideline range was 188 to 235 months' imprisonment. (Doc. No. 151: Supplemental Presentence Report (PSR) Supplement at 1). The Court sentenced the defendant at the high end of that range, finding it "barely enough to accomplish the sentencing goals while promoting respect for the law and protecting the public." (Doc. No. 110: Sent. Hr'g Tr. at 39; Doc. No. 94: Judgment at 2).

Under the First Step Act, the maximum sentence for Count One would fall to 20 years, reducing the advisory guideline range to 151 to 188 months. (Doc. No. 151: PSR Supplement at 2). However, Sections 404(b) and (c) of the Act specify that a court "may," but is not required to, impose a reduced sentence as if the Fair

Sentencing Act of 2010 had been in place at the time of the original offense was committed. First Step Act of 2018, Pub. L. 115-135 (2018).

The Court found at the original sentencing hearing that the defendant's criminal history category of VI, based on criminal history points as well as the career offender guideline, was understated because many of his violent crimes did not score under the guidelines. (Doc. No. 110: Sent. Hr'g Tr. at 36). His adjudication as delinquent at age 13 for robbery was followed by another delinquent adjudication for larceny and resisting police, and another for aiding and abetting store breaking. (Doc. No. 96: PSR at 7-9). At age 15 he was sentenced as an adult to 14 years' imprisonment for consolidated armed robberies, later having his conditional release revoked and then escaping while on work release by stealing a car. (Id. at 11). He has also been convicted of assaulting a female and a state correction officer attempting to arrest him for the escape. (Id. at 10-11). The defendant received the maximum sentence for violating 18 U.S.C. §922(g)(1), (Id. at 12), which involved the incredibly violent conduct of brandishing a pistol at a rival drug dealer's girlfriend and her 9 year old son, tying her up, and stealing money from a safe, as well as invading an apartment with a semi-automatic rifle, duct-taping the occupants, and stealing money, (Doc. No. 110: Sent. Hr'g Tr. at 37-38; Case No. 3:93-cr-254, Doc. No. 79: PSR at 3-4).

His supervised release in that case was later revoked for possessing cocaine with the intent to sell and deliver, which was the genesis of this one. (Case No. 3:93-

2

cr-254, Doc. No. 78: Revocation Judgment). Local police arrested the defendant for selling crack to a confidential informant and allowed him to cooperate by setting up another drug transaction. (Id. at 4). Instead of completing the deal, the defendant communicated to the police that he was being stabbed and fled from the location. (Id.; Doc. No. 110: Sent. Hr'g at 33). After approximately 3 months, the United States Marshal Service found where the defendant was working and attempted to arrest him when he drove in. (Doc. No. 96: PSR at 4). As law enforcement surrounded his SUV, the defendant drove in reverse over a curb and handicapped parking sign, down an embankment, hitting a tree. (Id. at 5). He then attempted to accelerate forward directly at a deputy marshal, but the SUV became stuck on the sign. (Id.). The conduct described above illustrates why the Court found 188 months insufficient to accomplish the goals of sentencing in 18 U.S.C. § 3553(a) at the original sentencing hearing.

The instant motion for sentence reduction relates no post-sentencing mitigation evidence, but rather points to the inequity of sentences prior to the Fair Sentencing Act of 2010. (Doc. No. 150: Motion at 6). The defendant's argument would be stronger if this matter involved a simple non-violent drug offense. The Court's overriding concern at the original sentencing hearing was the protection of the public. (Doc. No. 110: Sent. Hr'g at 38). Although PSR Supplement describes laudable participation in educational programs while incarcerated, it also documents disciplinary actions for possessing an unauthorized item in 2012,

possessing a hazardous tool in 2016, and fighting with another person in 2018. (Doc. No. 151 at 2-3). That dangerous conduct is similar to infractions during his previous federal imprisonment of fighting and possessing a dangerous weapon. (Doc. No. 96: PSR at 12). Accordingly, the Court finds that the defendant remains a significant threat to public safety, requiring a sentence of 235 months' imprisonment to achieve the goals in § 3553(a). Therefore, the Court declines to exercise its discretion under the Act to reduce the defendant's sentence.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 150), is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: May 22, 2019

Robert J. Conrad, Jr.
United States District Judge