# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:04-CR-315-RJC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **STIPULATED PROTECTIVE** |
| ) | **ORDER** |
| ) | |
| TERRY JACKSON BENNETT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1) The parties and their attorneys, and any future parties and their attorneys, in the above-captioned litigation are hereby authorized to receive, subpoena and transmit "protected heath information" pertaining to Defendant to the extent and subject to the conditions outlined herein.

2) For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3) All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Plaintiff, to attorneys representing Plaintiff and Defendant in the above-captioned litigation.

4) The parties and their attorneys shall be permitted to use or disclose the protected health information of Defendant for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5) Prior to disclosing Defendant's protected health information to persons involved in this litigation, counsel shall inform each such person that Defendant's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Defendant's protected health information do not use or disclose such information for any purpose other than this litigation.

6) Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Defendant's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Defendant, except that counsel are not required

to secure the return or destruction of protected health information submitted to the court.

7) This Order does not control or limit the use of protected health information pertaining to Defendant that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8) Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process. Prior to requesting any mental health records, drug and alcohol treatment records, or HIV and AIDS-related information, the requesting party must seek leave of court.

9) This Order does not authorize either party to seal court filings or court proceedings in their entirety. The Court will make a good cause determination for filing under seal if and when the parties seek to file Defendant's protected health information under seal. See Local Rules LCrR 49.1.1 and LCvR 6.1.

10) However, protected health information may be filed under seal. See Local Rules LCrR 49.1.1(e)(3).

**SO ORDERED**.

Signed: June 18, 2020

David C. Keesler
United States Magistrate Judge

**AGREED:**
**UNITED STATES OF AMERICA**

/s/ Kenneth M. Smith
Kenneth M. Smith
United States Attorney's Office, Western District of North Carolina 227 West Trade St., Ste. 1650
Charlotte, NC 28202
(704) 338-3160
Kenny.smith@usdoj.gov
*Attorneys for Plaintiff United States Department of Justice*


**MAYER BROWN LLP**

/s/ Joseph A. Mahoney
Joseph A. Mahoney (NC State Bar No. 55318) 214 N. Tryon Street
Suite 3800
Charlotte, NC 28202
Telephone: (704) 444-3654
Facsimile: (704) 377-2033
jamahoney@mayerbrown.com
James K. Williams Tori K. Shinohara Mayer Brown LLP 1999 K Street, NW Washington, DC 20006
(202) 263-3891
jwilliams@mayerbrown.com
tshinohara@mayerbrown.com
*Attorneys for Defendant Terry Bennett*